UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 20-cv-03558-NYW

HOUSTON CASUALTY COMPANY,

    Plaintiff,

v.

SWINERTON BUILDERS,

    Defendant.

## ORDER

This matter is before the Court *sua sponte*. On August 9, 2022, this Court granted in part and denied in part Plaintiff Houston Casualty Company's Motion to Dismiss [Doc. 50]. *See* [Doc. 56]. As a result of that Order, the only claim remaining in this case is the portion of Defendant Swinerton Builders's Counterclaim One that "asserts a breach of contract arising out of the alleged demand of claims-adjustment expenses prior to a coverage determination." [*Id.* at 27].

Although this Counterclaim survived the Motion to Dismiss, the Court stated in its Order that it was "not persuaded that Swinerton states a cognizable claim for breach of contract arising from HCC's alleged demand for reimbursement of claims handling expenses." [*Id.* at 20]. Specifically, the Court noted that Swinerton had not identified any Policy provision that was allegedly breached when HCC allegedly took the challenged actions. [*Id.*]. Moreover, the court concluded that it was unclear whether there is a separate claim of damages arising from the alleged breach, as Swinerton alleged that it never paid the amount demanded for reimbursement of claims handling expenses and HCC has affirmatively represented that it does not seek any portion of the deductible. [*Id.*]. The Court ordered Swinerton to show cause on or before August 23, 2022 why

this theory of relief set forth in Counterclaim One should not be dismissed for failure to state a claim under Rule 12(b)(6). [*Id.*]. The Court further ordered that if Swinerton sought to amend its Counterclaims, it must meet and confer with HCC and file a motion to amend no later than August 23, 2022. [*Id.* at 27]. Swinerton did not respond to the Order to Show Cause by the Court-ordered deadline, nor did it move to amend its Counterclaims.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A court may dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible.").

"Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving [a] plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)). Thus, District courts within this Circuit will elect to *sua sponte* dismiss a claim that is patently insufficient on its face. *See, e.g.*, *Garcia v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-01504-CMA-MEH, 2021 WL 5770229, at *4 (D. Colo. Dec. 6, 2021) (*sua sponte* dismissing breach of contract claim premised on "vague and conclusory allegations" that were not entitled to the

presumption of truth); *Choctaw Town Square, LLC v. City of Choctaw*, No. CIV-13-118-F, 2014 WL 12818169, at *8 (W.D. Okla. Dec. 29, 2014) (dismissing disparagement claim *sua sponte* where there were no allegations that the defendants published false or disparaging information about the plaintiff).

Counterclaim One alleges that HCC breached the Parties' insurance Policy by "demanding reimbursement of those claim adjustment expenses [HCC] spent to deny the claim." [Doc. 21 at 18, ¶ 62]. But as previously explained by the Court, Swinerton does not identify any provision of the Policy which it alleges was breached by the alleged demand. *See generally* [*id.*]. Nor does Swinerton allege that it was damaged by this alleged conduct. *See generally* [*id.*]. Moreover, Swinerton did not respond to the Court's Order to Show Cause to explain why, despite these deficiencies, Counterclaim One nevertheless states a cognizable claim. Accordingly, the Court concludes that Counterclaim One fails to state a claim under Rule 12(b)(6). *See Doe v. DiStefano*, No. 18-cv-01462-WJM-KLM, 2019 WL 1254943, at *4 (D. Colo. Mar. 19, 2019) (the plaintiff failed to state a breach of contract claim where the plaintiff "[did] not identify any breach of the [policy]"); *Gray v. Acadia Healthcare Co., Inc.*, No. 19-cv-00338-JFH, 2020 WL 5996418, at *10 (E.D. Okla. Oct. 9, 2020) (concluding that the plaintiff did not "allege enough facts to support a breach of contract claim" where the plaintiff did not "identify any provisions of a contract between [the parties] that were allegedly breached"). Dismissal of the remaining Counterclaim is appropriate. *See* Fed. R. Civ. P. 1.

For the reasons set forth herein, it is hereby **ORDERED** that:

(1) The remaining portion of Swinerton's Counterclaim One is *sua sponte* **DISMISSED** without prejudice for failure to state a claim under Rule 12(b)(6);

(2) The Clerk of Court is **DIRECTED** to terminate this case;

(3)  Plaintiff is awarded its costs under Federal Rule of Civil Procedure 54(d) and Local Rule 54.1; and

(4)  A Final Judgment will be entered concurrently with this Order.

DATED:  August 29, 2022                           BY THE COURT:

_____
Nina Y. Wang
United States District Judge